IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JASON NEWBERRY, | Cause No. CV 21-15-H-DWM |
| Plaintiff, | |
| vs. | ORDER |
| ANNETTE CARTER; RENEE BAUER; KRISTINA LUCERO; DARRELL BELL; BRAD NEWMAN; COLLEEN AMBROSE; ROBERT LISHMAN; LORRAINE SCHNEIDER, | |
| Defendants. | |

On March 1, 2021, Plaintiff Jason Newberry filed this action alleging a violation of his civil rights under 42 U.S.C. § 1983. *See* Compl. (Doc. 2) at 11.

On August 4, 2021, the Court explained that the complaint failed to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(a), (b)(1); Order (Doc. 8). Newberry was permitted to file an amended complaint. He did so on August 19, 2021.

1

The original complaint alleged that the Montana Board of Pardons and Parole had used a scoring system since 2017 to evaluate applications for parole, *see* Compl. (Doc. 2) at 4 ¶ 14, and that another inmate, John O. Miller, requested and received a copy of the score sheet on March 13, 2018, but Newberry did not, *see id.* at 5 ¶ 18.

As the Court previously explained, the original complaint failed to show that Newberry was treated differently than other applicants for parole. His allegations were consistent with Miller being a "class of one," albeit not one subject to adverse treatment, and Newberry being treated the same as everyone else. *See, e.g.*, *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 601 (2008); *see also, e.g.*, *Gerhart v. Lake County*, 637 F.3d 1013, 1022 (9th Cir. 2011). The facts alleged in Newberry's complaint did not support an inference that the distinction between him and Miller was irrational, as opposed to rational or accidental, or that Newberry was singled out for less favorable treatment than other parole applicants. *See* Order (Doc. 8) at 4–5.

Rather than identifying facts supporting his original allegations, Newberry's amended complaint alters the factual bases of his complaints about the Parole Board and adds numerous allegations unrelated to the original complaint. Newberry now contends the Board requires him to complete programming that was not ordered by the sentencing court, that he has completed enough programming

already, that the Board has ignored his medical records indicating he needs back surgery,[1] that the management team wrote his parole plan "using profanity in it" by quoting a remark attributed to Newberry, and that the Board members mute their microphones so that Newberry cannot hear them when they discuss an issue amongst themselves. *See, e.g.*, Am. Compl. (Doc. 12-1) at 2–4.

None of the parole-related allegations suggest a basis in federal law for monetary or injunctive relief. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Before 1989, Montana law supported a presumption that an inmate would be paroled, because it provided that the Board "shall" grant parole to an inmate who meets the appropriate conditions. *See Board of Pardons v. Allen*, 482 U.S. 369, 378 (1987). But the Legislature amended the statute in 1989. *See Worden v. Mahoney*, 962 P.2d 1157, 1165 ¶ 42 (1998). Montana law now provides only that the Board "may" grant parole. *See, e.g.*, Mont. Code Ann. § 46-23-208(1) (2021); Mont. Code Ann. § 46-23-201(4) (1999).[2] Newberry is serving a

---

[1] After he filed his amended complaint in this case, Newberry stated in another case that he had been referred for surgery. *See* Mot. to Object (Doc. 189) at 7, 12, *Newberry v. McGillis-Hiner*, No. CV 19-50-H-DLC (D. Mont. filed Sept. 27, 2021).

[2] The 1999 version of the statute was in effect at the time of Newberry's sentencing. It is cited here only to show that amendments since then have not created a liberty interest.

sentence for a crime he committed in 2002. *See* Offender Search, https://app.mt.gov (accessed Jan. 21, 2022). He does not have a protected liberty interest in parole.

Further, even if Newberry had a federally protected liberty interest, it would entitle him to limited due process, consisting of "an opportunity to be heard" and "a statement of the reasons why parole was denied." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (claim under 28 U.S.C. § 2254 following *Greenholtz*, 442 U.S. at 16). Newberry has received both of those guarantees, though he twice absented himself from his opportunity to be heard. *See, e.g.*, Am. Compl. Exs. (Doc. 12-2) at 13–14; *see also* Am. Compl. Ex. (Doc. 12-2) at 7; Board of Pardons and Parole Final Board Dispositions, Aug. 2020 at 25, Aug. 2021 at 20, Oct. 2021 at 15, *available at* https://bopp.mt.gov (accessed Jan. 21, 2022). Other matters related to parole, *see, e.g.*, Am. Compl. Exs. (Doc. 12-2) at 1–2, are "no part of [a federal court's] business," *Swarthout*, 562 U.S. at 222.

Newberry is not authorized to decide how much programming is enough or to demand that the Board discuss matters in his presence. Neither federal nor Montana law restricts the Board's consideration to the same factors taken into account by the sentencing court. *See, e.g.*, Mont. Code Ann. § 46-23-208(4)(c), (e), (r) (2021).

The Court can only conclude that Newberry fails to state a claim on which relief may be granted with respect to his application for parole. Allegations concerning Newberry's conditions of confinement at Crossroads Correctional Center, including, for example, access to legal resources, medical needs, or the facility's compliance with COVID-19 protocols, *see, e.g.*, Am. Compl. (Doc. 12) at 6 ¶ V, 8 ¶ VII(E); Am. Compl. (Doc. 21-1) at 5; Exs. (Doc. 12-2 at 32–54, 56–57), or his transfer to CCC, *see, e.g.*, Am. Compl. Exs. at 55, arise from transactions and occurrences unrelated to Newberry's application for parole. They will not be entertained in this action.

Newberry presents no facts from which a reasonable jurist could infer he was deprived of a constitutional right. *See* 42 U.S.C. § 1983. Any appeal from this disposition would not be taken in good faith. *See* Fed. R. App. P. 24(a)(4)(B).

Accordingly, IT IS ORDERED:

1. The complaint and amended complaint (Docs. 2, 12) are DISMISSED without further leave to amend for failure to state a claim.

2. The clerk shall enter, by separate document, a judgment of dismissal without leave to amend.

3. The Court CERTIFIES that any appeal from this disposition would not be

taken in good faith.

DATED this __7th__ day of March, 2022.

                                                                               _____ 12:38 PM
                                                                               Donald W. Molloy
                                                                               United States District Court